IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99-30091 |
| ) | |
| LES L. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Les L. Davis's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 306). The Motion is DISMISSED for lack of subject matter jurisdiction.

## I. BACKGROUND

In July 2000, a jury found Defendant guilty of conspiracy with intent to distribute cocaine base (crack cocaine) (Count 1), possession of crack cocaine with intent to distribute (Count 6), and possession of powder cocaine with intent to distribute (Count 11). The probation

officer, using the November 1, 2000 Guidelines Manual, found Defendant responsible for 1,221.3 grams of crack cocaine and 1,052.76 grams of powder cocaine, which equated to 24,636.55 grams of marijuana.  As a result, Defendant's base offense level was 36.  U.S.S.G. § 2D1.1(c)(2).  After a two-level enhancement for possession of firearms during the course of the conspiracy (U.S.S.G. § 2D1.1(b)(1)), Defendant's total offense level was 38.  With a Criminal History Category of IV, Defendant's Advisory Guideline Range was 324 to 405 months' imprisonment.  Defendant was also subject to a 20-year mandatory minimum sentence on Count 1.  See PSR ¶ 121, citing 21 U.S.C. § 841(b)(1)(A).  In February 2001, United States District Judge Jeanne E. Scott sentenced Defendant to 30 years' imprisonment.

In April 2008, Defendant filed a motion to reduce sentence in light of the retroactive Amendment in the Guidelines range for crack cocaine offenses.  See Amendment 706, made retroactive by Amendment 711.  In light of the Amendment, Defendant's base offense level was 34.  After adjustments, Defendant's total offense level was 36.  With a total offense

level of 36 and a Criminal History Category of IV, Defendant's new Advisory Guideline Range was 262 to 327 months' imprisonment.

In October 2008, Judge Scott granted Defendant's Motion and reduced Defendant's sentence to 275 months' imprisonment. See October 17, 2008 Text Order.

In May 2013, Defendant filed a letter requesting the appointment of counsel to assist him with seeking a reduced sentence under the Fair Sentencing Act. See d/e 306. The Court treated the letter as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense and appointed the Federal Public Defender to represent him. See May 20, 2013 Text Order.

In August 2013, appointed counsel filed a Motion to Withdraw as Counsel on the grounds that (1) Defendant's sentencing range is the same as it was in 2008 when his sentence was reduced, and (2) the Fair Sentencing Act of 2010 does not apply to Defendant. See d/e 309. The Court granted counsel's Motion to Withdraw as Counsel. The Court indicated that Defendant could proceed pro se in requesting a reduced

sentence and gave Defendant until September 16, 2013 to file a supplement to the request for a reduced sentence. Defendant has not filed a supplement.

## II. ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder

cocaine by raising the amounts of crack cocaine mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). The Act also required the United States Sentencing Commission to amend Federal Sentencing Guidelines "'to achieve consistency with other guideline provisions and applicable law.'" Dorsey, 132 S. Ct. at 2329, quoting Pub. L. No. 111-220 at § 8(2), 124 Stat. 2374.

The Sentencing Commission amended the Sentencing Guidelines by reducing the Sentencing Guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the Sentencing Guideline range was lowered as a result of Amendment 750); see also Amendment 759. "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be

eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D.Va. 2011).

For two reasons, this Court lacks subject matter jurisdiction to consider Defendant's reduction request. First, Defendant's Advisory Guideline Range is the same now as it was in 2008 when his sentence was last reduced. Under the 2012 Sentencing Guideline Manual, 1,052.76 grams of powder cocaine and 1,221.3 grams of crack cocaine convert to 4,571.8143 kilograms of marijuana. See U.S.S.G. § 2D1.1, Commentary Note 8(B), (D). This amount of marijuana results in a base offense level of 34, the same base offense level that applied in 2008. See U.S.S.G. § 2D1.1(c) (Drug Quantity Table).

Because the most recent amendment, Amendment 750, did not change Defendant's sentencing guideline range, he is not entitled to a reduction in his sentence. 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10, Commentary Note 1(A); United States v. Taylor, 627 F.3d 674, 676 (7th Cir. 2010) (relief under §3582(c) "is not available when a retroactive

amendment 'does not have the effect of lowering the defendant's applicable guideline range"), quoting U.S.S.G. § 1B1.10(a)(2)(B).

Second, the Fair Sentencing Act does not provide a basis for reducing Defendant's sentence. The Fair Sentencing Act does not apply retroactively to defendants who committed the offense and were sentenced prior to the enactment of the Fair Sentencing Act. See United States v. Robinson, 697 F.3d 443, 445 (7th Cir. 2012) ("The Act's lower mandatory minimums do not apply to offenders . . . sentenced before its effective date"); cf. Dorsey, 132 S.Ct. at 2335 ("Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders"). Defendant was sentenced in 2001, more than nine years before the effective date of the Fair Sentencing Act. See Dorsey, 132 S.Ct. at 2326 (noting that Fair Sentencing Act took effect on August 3, 2010).

### III. CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive

Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 306) is DISMISSED for lack of subject matter jurisdiction.

ENTER: October 2, 2013

FOR THE COURT:

                                                   s/ Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE